UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADHYL POLANCO,

                          Plaintiff                       Docket No.

      -against-                              **COMPLAINT AND**
                                                    **JURY DEMAND**
THE CITY OF NEW YORK, and NEW YORK CITY
POLICE DEPARTMENT,

                          Defendants.
------------------------------------------------------------X

      Plaintiff Adhyl Polanco, as and for his complaint by his undersigned counsel, alleges as follows:

## INTRODUCTION

1.   This is a suit to obtain relief for employment discrimination on the basis of Plaintiff's race and national origin; for violation of the plaintiff's 1st Amendment rights to free speech, and to obtain relief for retaliation to which the plaintiff has been subjected for reporting and complaining of the NYPD's illegal quota system, by the City of New York (hereinafter referred to as "the City" and the New York City Police Department (hereinafter referred to as "the NYPD").

## VENUE

2.   Venue is proper in the United District Court for the Southern District of New York pursuant to 28 U.S.C. §§1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3) in that the central offices of defendants are within this district, a substantial part of the events giving rise to this claim arose in this district and records relevant to the practices complained of herein are located in this district.

1

## JURY DEMAND

3. Plaintiff demands trial by jury in this action on each and every one of his claims.

## JURISDICTIONAL PREREQUISITE

4. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and a right to sue letter was issued on July 1, 2015.

5. The jurisdiction of this court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §§1331 and 1343(3), and 28 U.S.C. §1376(a) for claims arising under the New York State Human Rights Law and the New York City Human Rights Law based on the doctrine of supplemental jurisdiction in that such claims arise from a common nucleus of operative fact, and are so intertwined with other matters pending before the Court as to make exercise of supplemental jurisdiction appropriate.

## PARTIES

6. The Plaintiff, Adhyl Polanco is a Latin-American male.

7. Plaintiff Adhyl Polanco is currently employed as a Police Officer by the NYPD.

8. At all times relevant, Plaintiff was an "employee" of the NYPD and of the CITY within the meaning of the relevant statutes.

9. Upon information and belief, the NYPD is a domestic government agency and is engaged in business in the state of New York, with an office and place of business in the City of New York, State of New York.

10. Upon information and belief, the City is a domestic government agency and is engaged in business in the State of New York, with an office and place of business in the City of New York, State of New York.

11. At all times relevant to this action, CITY was an "employer" for purposes of the common

law of New York and the relevant statutes.

## FACTUAL ALLEGATIONS

12. Plaintiff Adhyl Polanco was hired by the NYPD on July 11, 2005. In 2009, plaintiff made a statement to the media about the existence of quotas in the issuance of summons and arrests warrants in the NYPD and the NYPD targeting minority communities in order to obtain the summons and arrest numbers required by the quota. The substance of Officer Polanco's statements was his opposition to the unfair, racially discriminatory and illegal mandatory enforcement activity which targets the minority African-American and Latino Community to which Officer Polanco belongs.

13. On or about November 2009, while assigned to the 41st Precint of the NYPD, Officer Polanco spoke to the media regarding the misconduct and corruption within the precint. He reported that the Supervisors of the precint were aggressively using threats of termination and negative employment actions such as low performance evaluations and punitive postings, to compel police officers to issue borderline and illegal summons and make borderline and illegal arrests in order to achieve a goal of a certain number of arrests and a certain number of summons set by the department for the precint, for that quarter.

14. On or about November 2009, while assigned to the 41st Precint of the NYPD, Officer Polanco called the Internal Affairs Bureau of the NYPD to report misconduct and corruption within the precint. He reported that the Supervisors of the precint were aggressively using threats of termination and negative employment actions such as low performance evaluations and punitive postings, to compel police officers to issue borderline and illegal summons and make borderline and illegal arrests in order to

achieve a productivity goal of a certain number of arrests and a certain number of summons set by the department for the precint, for that quarter.

15. In December 2009, Officer Polanco reported to the Internal Affairs Bureau of the NYPD that he was experiencing retaliation for his earlier report regarding the corruption and misconduct in the 41 precint.

16. In December 2009, Officer Polanco was retaliated against for his opposition to the racially discriminatory quota practices of the NYPD, in that after being falsely and pretextually charged with insubordination, he was heavily punished as follows: 30 days suspension without pay; 1500 days suspension with pay; over 400 days of punitive posting in VIPER; over 1500 days on restricted duty psychological hold without cause; no vacation for four years; no overtime for four years; no night differential pay for four years; no training for four years; and placement on level two performance monitoring for over four years.

17. On December 23, 2009, Officer Polanco was further retaliated against for his opposition to the racially discriminatory quota practices of the NYPD by being punished as follows: 30 days suspension without pay; no paid detail; no vacation for a year and placement on performance monitoring.

18. In January 2010, Officer Polanco was further retaliated against for his opposition to the racially discriminatory quota practices of the NYPD by being placed on modified assignment transfer out of command and placed on mental watch through 2015.

19. On March 1st 2010, Channel 7 Eyewitness news broadcast an interview on television with Officer Polanco where he exposed the ongoing illegal quota activity within the 41st Precinct and the NYPD at large.

20. On August 25, 2010, the Village Voice Newspaper published an interview with Officer Polanco where he exposed the illegal quota activity within the 41st Precint and the NYPD at large.

21. Beginning from March 2010 through December 2014, Officer Polanco was further retaliated against for his opposition to the racially discriminatory quota practices of the NYPD by being placed on performance monitoring, being suspended with pay, and being placed on dismissal probation for one year from December 2013 to December 2014.

22. From October 2014 to till date, in retaliation for his opposition to the racially discriminatory and illegal quota practices of the NYPD, plaintiff was further punished by being placed on dismissal probation and on mental watch.

23. From October 2014 till date, in retaliation for his opposition to the racially discriminatory and illegal quota practices of the NYPD, plaintiff was further punished by being placed on performance monitoring.

24. From October 2014, till date, plaintiff has been subjected to a hostile working environment as a result of his race and national origin. Plaintiff's locker was vandalized by being pasted over with photographs of PBA Union Leader Patrick Lynch and on January 23, 2015, plaintiff was accosted at the premises of the 94th precint by police officer Steve Trugilio who verbally abused plaintiff calling him a "fucking bitch". Plaintiff complained about this treatment to the internal affairs bureau but no action was taken. Plaintiff also requested a transfer out of this precint as his safety is under threat in this environment but his request was not addressed.

25. From October 2014 till date, plaintiff has been assigned to less desirable jobs than his white counterparts, with similar age and time on the police force.

5

26. From October 2014 till date, Plaintiff has been reprimanded and sanctioned, in a more severe manner than his white counterparts, for failing to meet monthly summons and arrests quotas.

27. The discriminatory actions of the Defendants are ongoing and continue to this day.

28. In April 2010, plaintiff was deposed as a witness and gave testimony in a Federal Class Action Law Suit regarding the NYPD's stop and frisk practice and how it unfairly targets the minority community. The substance of Officer Polanco's testimony was that the NYPD targets the minority community in order to attain high levels of enforcement activity numbers mandated by illegal quotas and police officers suffered punishment in their employment for not participating in the illegal quota activity.

29. After plaintiff was identified as a witness in the stop and frisk federal class action lawsuit, the retaliation against the plaintiff intensified.

30. On or about March 2013, the plaintiff testified as a witness during the trial of a federal class action law suit regarding the NYPD's stop and frisk practice and how it unfairly targets the minority community. The substance of Officer Polanco's testimony was that they NYPD targets the minority community in order to attain high levels of enforcement activity numbers mandated by illegal quotas and police officers were punished in their employment for not participating in the illegal quota activity.

## AS AND FOR A FIRST CAUSE OF ACTION

31. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

32. The Defendants discriminated against Plaintiff on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

34. The Defendants discriminated against Plaintiff on the basis of his race, in violation of New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A THIRD CAUSE OF ACTION

35. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

36. The Defendants discriminated against Plaintiff on the basis of his race, in violation of Administrative Code of the City of New York.

## AS AND FOR A FOURTH CAUSE OF ACTION

37. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

38. The Defendants retaliated against Plaintiff because he complained about the racially discriminatory and illegal quota practices of the NYPD, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.

## AS AND FOR A FIFTH CAUSE OF ACTION

39. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

40. The Defendants retaliated against Plaintiff because he complained about the racially discriminatory and illegal quota practices of the NYPD, in violation of New York State Executive Law.

## AS AND FOR A SIXTH CAUSE OF ACTION

41. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

42. In light of the foregoing therefore, the Defendants retaliated against Plaintiff because he complained about the racially discriminatory and illegal quota practices of the NYPD, in violation of the Administrative Code of the City of New York.

## AS AND FOR A SEVENTH CAUSE OF ACTION

43. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

44. The Defendants have violated the plaintiff's rights to free speech under the First Amendment to the United States Constitution.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

45. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

46. The Defendants have violated the plaintiff's right to free speech under Article 1, §8 of the New York State Constitution.

WHEREFORE, Plaintiff Adhyl Polanco demands judgment as follows:

a. Against the Defendants, declaring the acts and practices complained of herein are in violation of the Title VII of the Civil Rights Act of 1964, Human Rights Law of the City of New York and the Laws of the State of New York;

b. Enjoining and permanently restraining these violations of Title VII of the Civil Rights Act of 1964, the Human Rights Law of the City of New York and the Laws of the State of New York;

c. Directing Defendants to take such affirmative action as is necessary to ensure the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d. Directing Defendants to make him whole for all earnings Plaintiff would have received but for Defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

e. Issue a declaration that the defendants violated plaintiff's rights to freedom of expression

under the First Amendment of the United States Constitution and Article 1, §8 of the New York State Constitution.

f. Issue an injunction ordering the defendants to cease from engaging in any further action in retaliation for Officer Polanco's exercise of his free speech rights and ordering the defendants to restore to Officer Polanco all benefits he lost as a result of adverse employment action to reverse any retaliatory actions taken against Officer Polanco.

g. Directing the defendants to pay compensatory damages to the plaintiff.

h. Directing Defendants to pay Plaintiff an additional amount as compensatory damages for his pain and suffering;

i. Directing Defendants to pay Plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for Plaintiff's statutory rights;

j. Awarding Plaintiff such interest as is allowed by law;

k. Awarding Plaintiff reasonable attorney's fees and costs;

l. Trial by Jury; and

m. Granting such and further relief as this Court deems necessary and proper.

Dated: New York, New York
August 31, 2015

Respectfully submitted,

Emeka Nwokoro
Nwokoro & Scola, Esquires
Attorneys for Plaintiff
82 Wall Street, Suite 610
New York, NY 10005
(212) 785-1060