UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADHYL POLANCO,

                Plaintiff,

         v.

THE CITY OF NEW YORK, and NEW
YORK CITY POLICE DEPARTMENT,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM
AND ORDER**
15-CV-5083 (WFK) (CLP)

**KUNTZ, II, United States District Judge:**

On September 1, 2015, Adhyl Polanco ("Plaintiff") filed this action against The City of New York and the New York City Police Department ("Defendants") asserting claims of employment discrimination and the violation of First Amendment rights. Plaintiff alleges that Defendants discriminated against him on the basis of his race and national origin, and that Defendants retaliated against him for reporting and complaining about the alleged targeting of minorities by the New York City Police Department. *See* ECF No. 1 ("Compl."). *Id.* For the reasons set forth below, this action is transferred to the United States District Court for the Southern District of New York.

### DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Even if venue is proper, a district court "may *sua sponte* transfer an action in the interest of justice and for the convenience of the parties and witnesses, pursuant to 28 U.S.C. § 1404(a)[,]" which permits a transfer to any district court where an action might have been brought. *Taite v. Colgate Univ.*, No. 12-CV-3435, 2012 WL 9334547, at *1 (E.D.N.Y. July 11, 2012) (Mauskopf, J.) (citations omitted); *Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013).

Under § 1404(a), transfer appears to be appropriate in this case. Plaintiff is also a named plaintiff in a previously-filed class action pending in the Southern District of New York concerning these very same issues—employment discrimination and retaliation based on race and national origin, and the violation of First Amendment rights. *See Raymond, et al., v. The City of New York*, 15-CV-6885 (Swain, J.). Furthermore, Plaintiff alleges in his Complaint that a substantial part of the events giving rise to his claim arose in the Southern District, and records relevant to the practices which are the subject of this complaint are located in the Southern District. *See* Compl. at 1. Venue is therefore proper in the Southern District of New York. *See* 28 U.S.C.§ 1391(b). Based on the totality of the circumstances, and considering the arguments raised by Plaintiff and Defendants in their briefs, the Court concludes that it is in the interest of justice to transfer this complaint to the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York.

SO ORDERED.

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
November 9, 2016